# WIGDOR LLP

ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Renan F. Varghese**
rvarghese@wigdorlaw.com

September 20, 2021

**VIA ECF**

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:      <u>Lockton Management, LLC, *et al.* v. Jhaveri; Case No. 1:20-cv-07671</u>

Dear Judge Stanton:

We represent Respondent Vishal Jhaveri ("Jhaveri" or "Respondent") and write jointly with counsel for Petitioners Lockton Management, LLC ("Lockton Management"), LCM HoldCo, LLC ("LCM HoldCo") and Lockton Capital Markets, LLC ("LCM" and together with Lockton Management and LCM HoldCo, "Lockton" or "Petitioners") (Respondent and Petitioners together, the "Parties") to jointly request that all records from the instant case be filed under seal after the attached stipulation of dismissal is entered.

## I.      PROCEDURAL BACKGROUND

On September 17, 2020, Petitioners filed their Petition for an Injunction and Temporary Restraining Order and to Compel Arbitration (the "Petition") (Dkt. No. 1) against Respondent.  On September 25, 2020, just eight days after the Petition was filed, the Parties filed a proposed Stipulation and Order (Dkt. No. 17) (the "Stipulation") dismissing this case.  The Stipulation stated that the Parties "agree to resolve their disputes in the arbitration."  *Id.*  Your Honor signed the Stipulation the same day.  (Dkt. No. 18).

The Parties have subsequently resolved all of the disputes between them, including the claims in arbitration and in this case.  Having resolved the dispute between them in a confidential arbitration as required by Respondent Jhaveri's Executive Employment Agreement (the "Employment Agreement") with Lockton, the Parties now wish to seal the record in this case.

## II.      THE DOCKET IN THIS CASE SHOULD BE SEALED UNDER BOTH THE COMMON LAW AND THE FIRST AMENDMENT

"Federal Courts employ two related but distinct presumptions in favor of public access to court proceedings and records: a strong form rooted in the First Amendment and a slightly weaker form



based in federal common law." *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013).

**A.**     **The Common Law Supports Sealing the Docket in this Case**

In determining whether it is appropriate for judicial documents to be withheld from public view under federal common law, courts in the Second Circuit utilize a three-step inquiry. First, courts determine "whether the document in question is, in fact, a judicial document." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288-89 (S.D.N.Y. 2016). Second, the court evaluates "the weight to be accorded the presumption of public access that attaches." *Id.* at 289. Third, the court should take into consideration any "balance competing considerations, such as the impairment of law enforcement methods or information ***and the privacy interests of litigants***." *Id.* (emphasis added and internal quotations omitted). Here, the publicly filed documents are judicial documents. However, the Parties respectfully submit that both the second and third factors argue in favor of sealing the records in this case.

In deciding how much weight to afford the assumption of public access, courts consider:

> the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *U.S. v. Amodeo*, 71 F. 3d 1044, 1049 (2d Cir. 1995)).

Here, Lockton filed its action in this Court seeking a determination that this Court lacked jurisdiction over Mr. Jhaveri's potential claims. Indeed, Lockton voluntarily dismissed this action within days of it being filed, after the Parties agreed to submit to arbitration. Thus, the Court never had to adjudicate any issues in this case, or exercise its Article III judicial powers at all. Because this action was filed solely to ensure its irrelevance, there is no reason for the Court to give any weight to right of the public's access to the underlying documents in this matter. Similarly, because this Court took no action in this matter save for dismissing it eight days after it was filed by Petitioner pursuant to a stipulation entered into by the Parties, access to the documents in this matter will have no value to those monitoring the federal courts.



Similarly, the countervailing interests of the Parties – namely, Petitioners' and particularly Mr. Jhaveri's privacy interests – argue strongly in favor of sealing the record in this case.  In its memorandum of law in support of its petition, Petitioners made several allegations about Mr. Jhaveri's performance.  *See* Dkt. No. 11 at pp. 1, 5.  Petitioners further stated that Mr. Jhaveri intended to bring discrimination claims against them for their treatment of him during his employment.  *Id.*  However, the Parties entered into an arbitration agreement precisely to ensure that any disputes between them would not be litigated in a public forum and to restrict public access to the underpinnings of any such dispute.  Mr. Jhaveri believes that having information about the disputes between the Parties in a publicly filed document has significantly impeded his ability to find a job, and that the only way to remedy this harm and preserve the important privacy interests of the Parties is for the documents to be sealed and for the disputes between Mr. Jhaveri and Petitioner to remain private, as the Parties had originally contracted.

Accordingly, under federal common law, the documents filed in this case should be sealed.

### B.      The First Amendment Also Supports Sealing the Docket in This Case

"[T]he First Amendment protects access to judicial documents if the documents are necessary to understand the merits of the proceeding."  *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 169 (S.D.N.Y. 2018) (quoting *Newsday*, 730 F.3d at 164).  The First Amendment presumption in favor of public access may be overcome if the parties demonstrate "that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Lugosch*, 435 F. 3d at 120.

Courts utilize two different approaches to determine whether access to documents is protected by the First Amendment.  The first approach is known as the "experience and logic" approach in determining whether documents are protected by the First Amendment.  *Id.*  Under this approach, courts "consider both whether the documents have historically been open to the press and general public and whether public access plays a significant positive role in the functioning of the particular process in question."  *Id.* (quoting *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir. 2004)) (internal quotation marks omitted).  "The second approach considers the extent to which the judicial documents are derived from or [are] a necessary corollary of the capacity to attend the relevant proceedings."  *Id.* (internal quotation marks omitted).

A determination that a First Amendment right of access exists "does not mean that the papers must automatically be disclosed."  *In re New York Times, Co.*, 828 F.2d 110, 116 (2d Cir. 1987).  "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Lugosch*, 435 F.3d at 120 (quoting *In re New York Times, Co.*, 828 F.2d at 116).

Under either of the two First Amendment approaches, sealing the record is warranted in the instant case.  Using the first approach, the experience and logic test, sealing the record is warranted.  The documents filed in this case play no "significant positive role" in the functioning of the Court.  *See*



*id.*  Indeed, as explained above, this case was dismissed by agreement of the Parties before the Court could play any role whatsoever in the adjudication of the matter.  The documents in the record, therefore, do not serve any public purpose and cannot serve any positive role for the press or the public.

Analyzing the Parties' request to seal the record based on whether continued access to the records in this case are a necessary corollary to the public ability to attend proceedings results in the same finding.  No proceedings were held in this case for which the documents the Parties seek to seal were relevant.  As stated above, this case was dismissed by agreement of the Parties so that they could litigate their dispute in a binding and confidential arbitration.

As the Second Circuit has stated with respect to sealing documents related to adjudications, such as summary judgment motions, "[a]n adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982).  "Oral arguments relating to a motion for summary judgment fall into the category of civil proceedings to which there is a First Amendment presumption of access." *Lugosch*, 435 F.3d at 124.  Here, unlike documents and oral arguments related to summary judgment motions, the Court has not made any adjudication and the case was voluntarily dismissed without prejudice just eight days after it was filed.  Moreover, as explained above, sealing the documents would both effectuate the Parties' private agreement to adjudicate their disputes privately, without any public access to the proceedings and is necessary to protect Mr. Jhaveri's privacy.  *See supra* at p. 3.

Accordingly, the First Amendment permits the documents filed in this action to be sealed.

### III.   <u>CONCLUSION</u>

For the reasons stated herein, and for good cause shown, the Parties respectfully request that the record in this case be placed under seal.

Respectfully submitted,

Renan F. Varghese

cc:     All Counsel of Record (*via* ECF)

Enc.